SAMUEL S. PORTER, Plaintiff in Error, *v.* WILLIAM H. BOARDMAN *et al.*, Defendants in Error.

ERROR TO COOK.

The clause of the second section of the Practice Act, giving jurisdiction in the county where the contract may have specifically been made payable, does not apply to contracts other than for the payment of money, to be performed in the county where the suit is brought.

A. contracts with B. for the delivery of a quantity of wheat in Cook county. A. sued B. in Cook county for breach of the contract, and sent summons to Tazewell county, the residence of the defendant: *Held,* that the court in Cook county had not jurisdiction.

THIS was an action of assumpsit, brought by the defendants in error against the plaintiff in error, to the March term, 1856, of the Cook Circuit Court.   The declaration contains two counts. The first count is upon a contract made by the plaintiff in error with the defendants in error, to deliver to the defendants in error five thousand bushels of wheat, in Chicago, on the 15th of August, 1855, to be paid for on delivery, and alleges, as a breach of such contract, the non-delivery of the said wheat.

The second count was substantially like the first, with the exception that there was an averment that the contracts upon which this suit was brought were specifically made payable in Chicago, in the county of Cook, and claims $2,500 damages.

On the 30th day of January, 1856, a summons was issued by the clerk to the sheriff of Tazewell county, Illinois, and served on the defendant, in Tazewell county, on the 27th of February, 1856.

To the foregoing declaration the defendant, at the return term of the writ, filed his plea in abatement to the jurisdiction of the said Circuit Court of Cook county, alleging that the plaintiffs below were not residents of said Cook county, but residents of New York, and that the defendant below resides in the county of Tazewell, Illinois, and not in the county of Cook; that the writ of the plaintiffs below was issued to the sheriff of Tazewell county, and served on the defendant below in Tazewell county; and the supposed contract upon which the plaintiffs sued was not specifically made payable in said county of Cook.

To this plea the plaintiffs below filed their replication, alleging that the contract sued upon was specifically made · payable in Chicago, Cook county, Illinois; upon which issue was joined to the country.

At the May term, 1856, MANIERRE, Judge, presiding, the cause was, by consent of all parties, submitted to the court upon said issue joined in said plea in abatement, and the following was the evidence: " Rufus S. King being sworn, deposed—My place of business is Chicago; that, as agent for plaintiffs, he made a contract with the defendant to deliver to the plaintiffs in Chicago (on board of vessels free of charge) five thousand bushels of good white winter merchantable wheat, to be delivered in Chicago on or before the 15th of August, 1855, at one dollar and forty-five cents per bushel, to be paid for on delivery; that defendant wholly failed to deliver the wheat at any time; that, on the 15th day of August, 1855, the quality of wheat described was worth one dollar and sixty-five cents per bushel."   The

court found the issue on the plea in abatement for the plaintiffs below, and assessed their damages at one thousand dollars, to which finding of the court the defendant below at the time excepted, and brought the case to this court on writ of error.

CLEMENTS and ROBERTS, for Plaintiff in Error.

FARNSWORTH and BURGESS, for Defendants in Error.

CATON, J.   This suit is brought in Cook county, and the summons sent to Tazewell county, the residence of the defendant below, for the breach of a contract for the sale and delivery of wheat in Cook county, which was not the residence of the plaintiffs below.   A plea in abatement presents the question of the right of the party to bring the suit in Cook county.   This depends upon a proper construction of our Practice Act.   The second section of that act provides, " It shall not be lawful for any plaintiff to sue a defendant out of the county where the latter resides, or may be found, except in cases where the debt, contract or cause of action, accrued in the county of the plaintiff, or where the contract may have specifically been made payable."   Here the legislature has provided for two classes of cases, where the defendant may be sued out of the county where he resides or may be found.   First, where the debt, contract or cause of action accrued in the county of the plaintiff, when the suit may be brought in the plaintiff's county.   These expressions are broad enough to include all manner of causes of action for which a party may be sued for the recovery of a debt or damages.   Second, where the contract is specifically made payable in a particular place, there the suit may be brought, though neither party resides there.   This language is much more limited in its signification.   It is only where something is specifically made payable at a particular place, that the undertaking is brought within this last clause.   A *payment* must be made, which implies a satisfaction of a past consideration, and widely differs from a contract for the performance of simultaneous or dependent acts, as the delivery of wheat and taking pay therefor.   In such a case the delivery of the wheat can, in no just sense, be said to be a payment for the money which the purchaser has agreed to pay therefor; and yet we must so hold, in order to bring this contract within the last provision.   I confess this seems to me simply absurd.   I cannot think the legislature ever used this language with such a meaning.   They understood payment to mean something else than the delivery of wheat, for which the seller was the party to be paid.   It has been well suggested in argument, that this suit is not brought for the recovery of the

wheat, which is the only thing the party agreed to deliver in Chicago, but it is for the recovery of damages in money, which the law awards the party for the breach of the contract, for the non-delivery of the wheat, or, if you please, upon the implied undertaking of the party to pay the damages in money should he fail to deliver the wheat. He no where agreed to pay this money, which is sued for as damages, in Cook county. Should we hold that this contract is included in the first clause, then we must hold that the last embraces all contracts, and is as comprehensive as the first, except as to torts. We are of opinion that such was not the intention of the legislature, and that judgment should have been given for the plea.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*